**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Case No.:**

| | |
|---|---|
| RONIQUE DE SA, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>RPS HOLDINGS, LLC dba CAPITAL CABARET, a North Carolina Limited Liability Company; PRS PARTNERS, LLC, a North Carolina Limited Liability Company; PHONG NGUYEN, an individual; PEGGY ANN ROHM, an individual; DOE MANAGERS 1 through 3; and DOES 4 through 10, inclusive,<br><br>      Defendants. | **COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Failure to Pay Minimum Wages, 29 U.S.C. § 206;**<br>2. **Failure to Pay Overtime Wages, 29 U.S.C. § 207;**<br>3. **Illegal Kickbacks, 29 C.F.R. § 531.35;**<br>4. **Unlawful Taking of Tips, 29 U.S.C. § 203; and**<br>5. **Forced Tip Sharing, 29 C.F.R. § 531.35**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RONIQUE DE SA ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.  NATURE OF THE ACTION

1.      Plaintiff alleges causes of action against defendants RPS HOLDINGS, LLC dba CAPITAL CABARET ("Capital Cabaret"), a North Carolina Limited Liability Company; PRS PARTNERS, LLC, a North Carolina Limited Liability Company; PHONG NGUYEN, an individual; PEGGY ANN ROHM, an individual;  DOE MANAGERS 1 through 3; and DOES 4 through 10, inclusive, (collectively, "Defendants") for damages due to Defendants evading the

mandatory minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*("FLSA"), illegally absconding with Plaintiff's tips and demanding illegal kickbacks including in the form of "House Fees."

2.    These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants in the preceeding three (3) year period to the filing of this Complaint. During her being employed by Defendants, Plaintiff was denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Plaintiff and other dancers/entertainers as "independent contractors." As the Department of Labor explained in a recent  Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an uneven playing field for employers who properly classify their workers. Although independent contracting relationships can be advantageous for workers and businesses, some employees may be intentionally  misclassified as a means to cut costs and avoid compliance with labor laws.[1]

As alleged in more detail below, that is exactly what Defendants are doing in this case.

3.    Plaintiff worked at Defendants' principal place of business located at 6713 Mount Herman Road, Morrisville, North Carolina 27560.

4.    Defendants failed to pay Plaintiff minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

5.    Defendants' conduct violates the FLSA, which requires non-exempt employees

---

[1]    *See* DOL Admin. Interp. No. 2015-1, available at http://www.dol.gov/whd/workers/Misclassification/AI- 2015_1.pdf.

to be compensated for their overtime work at a rate of one and one-half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a).

6. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

7. Plaintiff brings a collective action to recover the unpaid overtime compensation and minimum wage owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

8. As a result of Defendants' violations, Plaintiff and the FLSA Class Members seek to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

## II.    PARTIES

9. At all times relevant, RONIQUE DE SA was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as Exhibit 1.

10. The FLSA Class Members are all current and former exotic dancers who worked at Defendants' club Capital Cabaret located at 6713 Mount Herman Road, Morrisville, North Carolina 27560 at any time starting three (3) years before this Complaint was filed, up to the present.

11. Defendant RPS Holdings, LLC dba Capital Cabaret is a North Carolina Limited Liability Company with its principal address located at 6713 Mount Herman Road, Morrisville, North Carolina 27560. At all times mentioned herein, Capital Cabaret was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Capital Cabaret may be served via its agent for service of process, Phong Nguyen at 6713 Mount Herman Road, Morrisville, North Carolina 27560.

12. Defendant PRS Partners, LLC is a North Carolina Limited Liability Company with its principal address located at 6713 Mount Herman Road, Morrisville, North Carolina

27560. At all times mentioned herein, PRS Partners, LLC was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). PRS Partners, LLC may be served via its agent for service of process, Phong Nguyen at 6713 Mount Herman Road, Morrisville, North Carolina 27560

13.    Defendant PHONG NGUYEN ("Nguyen") is the owner and managing member of both RPS Holdings, LLC and PRS Partners, LLC.

14.    Nguyen acted directly or indirectly on behalf of RPS Holdings, LLC and PRS Partners, LLC, and, at all times mentioned herein was an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA. He exerted operational and management control over Capital Cabaret, including day to day management. He was, and is, frequently present at, owned, directed, controlled and managed the operations at Capital Cabaret. He also controlled the nature, pay structure, and employment relationship of Plaintiff and the FLSA Class Members. Nguyen had at all times relevant to this lawsuit, the authority to hire and fire employees at Capital Cabaret, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of Capital Cabaret. In particular, he was responsible for determining whether Capital Cabaret complied with the FLSA.

15.    Defendant PEGGY ANN ROHM ("Rohm") is the owner and an officer of both RPS Holdings, LLC and PRS Partners, LLC.

16.    Rohm acted directly or indirectly on behalf of RPS Holdings, LLC and PRS Partners, LLC, and, at all times mentioned herein was an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA. She exerted operational and management control over Capital Cabaret, including day to day management. She was, and is, frequently present at, owned, directed, controlled and managed the operations at Capital Cabaret. She also controlled the nature, pay structure, and employment relationship of Plaintiff and the FLSA Class Members. Rohm had at all times relevant to this lawsuit, the authority to hire and fire employees

at Capital Cabaret, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, she was responsible for the day-to-day affairs of Capital Cabaret. In particular, he was responsible for determining whether Capital Cabaret complied with the FLSA.

17. DOE MANAGERS 1 through 3 are the managers/owners who controlled the policies and enforce the policies related to employment at Capital Cabaret.

18. The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOES 4 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their club engaged in commerce, which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

20. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

21. At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Capital Cabaret as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee who engaged in commerce or in the

production of goods for commerce as required by 29 U.S.C. §§ 206-207.

22.     Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

23.     Plaintiff is informed and believes, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respects thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of Plaintiff in that each of them exercised control over her wage payments and control over her duties.

24.     Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

25.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## III.    <u>VENUE AND JURISDICTION</u>

26.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

27.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiff worked in this District.

///

///

///

## IV.  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (AGAINST ALL DEFENDANTS)

### A.  FACTUAL ALLEGATIONS

28.  Defendants operate an adult-oriented entertainment facility located at 6713 Mount Herman Road, Morrisville, North Carolina 27560.

29.  Defendants' club located at 6713 Mount Herman Road, Morrisville, North Carolina 27560 currently operates under the name "Capital Cabaret".

30.  At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

31.  At all times during the three (3) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

32.  At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject club, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

33.  Plaintiff worked as dancer/entertainer for Defendants at various times from approximately 2014 to January, 2019.

34.  The primary duty of an entertainer is to dance and entertain customers, and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

35.  Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

36.  Plaintiff worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facilities featuring nude or semi-nude female entertainers.

37.  Defendants did not pay entertainers on an hourly basis.

38.     Defendants exercised significant control over Plaintiff during her shifts and would demand that Plaintiff stay until late in the morning if she worked.

39.     Defendants set prices for all VIP performances.

40.     Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility.

41.     Defendants controlled the means and manner in which Plaintiff could perform.

42.     Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

43.     Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

44.     Although Defendants allowed entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Capital Cabaret' dress and appearance standards, Plaintiff typically expended approximately thirty (30) minutes of time each shift getting ready for work without being paid any wages for such time getting ready.

45.     Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishment.

46.     Defendants also required Plaintiff to share her tips with Defendants, and other non-service employees who do not customarily receive tips, including disk jockeys, house moms, and security personnel.

47.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated

29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

48. Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures. Defendants fined entertainers for failing to comply with management's rules, including the imposition of a "late fee" for failing to comply with the club's schedule.

49. Capital Cabaret provided and paid for all advertising and marketing efforts undertaken on behalf of Capital Cabaret.

50. Capital Cabaret paid for the buildings used by Capital Cabaret, maintenance of the facilities, the sound systems, stages, lights, beverages and inventory used at the facilities.

51. Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

52. Capital Cabaret's opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Capital Cabaret.

53. Nude or semi-nude dancing is an integral part of Capital Cabaret's operations. Capital Cabaret's advertising prominently displays nude or semi-nude dancing for its customers. Capital Cabaret is well known as a "strip club."

54. Capital Cabaret needs entertainers to successfully and profitably operate the Capital Cabaret business model.

55. The position of entertainer requires no managerial skill of others.

56. The position of entertainer requires little other skill or education, formal or otherwise.

57. The only requirements to become an entertainer at Capital Cabaret are "physical attributes" and the ability to dance seductively. Plaintiff did not have a formal interview but instead was glanced over "up and down" and participated in a brief audition by the manager

before being offered an employment opportunity. The amount of skill required is more akin to an employment position than that of a typical independent contractor. Defendants do not require prior experience as an entertainer or any formal dance training as a job condition or prerequisite to employment. Defendants do not require the submission of an application or a resume as part of the hiring process.

58.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

59.     Plaintiff was not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during an eight-plus (8+) hour work shift.

60.     Plaintiff was not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at Defendants' facility and required to work and entertain its customers for longer than eight (8) hours per shift.

61.     Plaintiff was not paid an hourly minimum wage for the typical thirty (30) minutes of time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards. Plaintiff was not compensated for her work-related expenses, including makeup, hair-related expenses and outfits.

62.     Plaintiff was not paid an hourly minimum wage for the time she was required to wait at Capital Cabaret until the premises and the parking lot were cleared of customers.

63.     The FLSA Class Members had the same pay structure and were under the same controls as Plaintiff.

64.     Plaintiff and FLSA Class Members would work over forty (40) hours in some weeks each worked for Defendants.

65.     Defendants have never paid Plaintiff and the FLSA Class Members any amount as wages whatsoever, and have instead unlawfully required Plaintiff and FLSA Class Members to pay them for the privilege of working.

66. The only source of monies received by Plaintiff (and the class she seeks to represent) relative to their employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiff and the FLSA Class Members were required to pay to Defendants.

67. Although Plaintiff and the FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per week, they are not compensated at the FLSA mandated time-and-a-half (1 ½) rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

68. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiff is entitled to restitution of such fines and fees.

69. Plaintiff and FLSA Class Members who worked at Capital Cabaret performed precisely the same job duties - dancing and entertaining at Capital Cabaret.

70. Plaintiff and FLSA Class Members who worked at Capital Cabaret during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

71. Plaintiff and FLSA Class Members at Capital Cabaret were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

72. Plaintiff and FLSA Class Members at Capital Cabaret during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

73. Plaintiff and the FLSA Class Members at Capital Cabaret, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

74.     Defendants required Plaintiff to pay fees to Defendants and other Capital Cabaret employees, including but not limited to security personnel, house moms, and disc jockeys.

75.     Defendants required Plaintiff to pay fees to Defendants and other Capital Cabaret employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

76.     As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainly that numerous other current and former dancers and entertainers who worked at Capital Cabaret during the applicable limitations period would elect to participate in this action if provided notice of same.

77.     Upon information and belief, more than fifty (50) dancers and entertainers have worked at Capital Cabaret during the three (3) to five (5) years prior to the filing of this action.

78.     Plaintiff is "similarly situated" to the 29 U.S.C. § 216(b) class of persons she seeks to represent, and will adequately represent the interests of the class.

79.     Plaintiff has hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

80.     Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiff or any other entertainer and failed to maintain and furnish wage statements to Plaintiff.

81.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

82. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and the FLSA Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and the FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put Defendants on notice that she intends to rely on *Anderson* to provide the extent of their unpaid work.

**B. INDIVIDUAL LIABILITY UNDER THE FLSA**

83. In *Brock v. Hamad*, the Court of Appeals for the Fourth Circuit held that individual defendants can be liable as employers under the FLSA. *See Brock v. Hamad*, 867 F.2d 804 n.6 (4th Cir. 1989). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

84. Under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the

conditions and terms of a plaintiff's employement. *See Zegarra v. Marco Polo, Inc.*, No. 1:08cv891, 2009 U.S. Dist. LEXIS 3845, at 85-6 (E.D. Va. Jan 21, 2009) (citing *Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403, 413 (M.D.Pa. 1999)).

85.    Defendants Nguyen and Rohm are individually liable for failing to pay Plaintiff and the FLSA Class Members their wages. The actual identities of DOE Managers 1 through 3 are unknown at this time.

## V.    COLLECTIVE ACTION ALLEGATIONS

86.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1-85 as if fully set forth herein.

87.    Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

88.    Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers/entertainers at Capital Cabaret. As such, she has first-hand personal knowledge of the same pay violations throughout Defendants' club. Furthermore, other exotic dancers/entertainers at Defendants' club have shared with her similar pay violation experiences as those described in this Complaint.

89.    Other employees similarly situated to Plaintiff work or have worked at Capital Cabaret but were not paid overtime at the rate of one and one-half (1 ½ ) their regular rate when those hours exceeded forty (40) hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

90.    Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40). Defendants have also denied them full

compensation at the federally mandated minimum wage rate.

91.     FLSA Class Members perform or have performed the same or similar work as the Plaintiffs.

92.     FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

93.     FLSA Class Members regularly work or have worked and did not receive minimum wage.

94.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

95.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

96.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

97.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

98.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

99.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

100.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

101.    Although the exact number of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class

Members.

102.     As such, Plaintiff brings her FLSA claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers/entertainers who worked at the Capital Cabaret location in Morrisville, North Carolina at any time starting three years before this Complaint was filed.**

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206

**(By Plaintiff Individually and on Behalf of the Collective Against All Defendants)**

103.     Plaintiff hereby incorporates by reference and re-allege each and every allegation set forth in paragraphs 1-102 as if fully set forth herein.

104.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

105.     Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

106.     Defendants failed to pay Plaintiff the minimum wage in violation of 29 U.S.C. § 206.

107.     Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage under the FLSA.

108.     Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

109.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage  compensation and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. § 207

### (By Plaintiff Individually and on Behalf of the Collective Against All Defendants)

110.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1-102 as if fully set forth herein.

111.    Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

112.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

113.    Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

114.    Defendants failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in violation of 29 U.S.C. § 207.

115.    Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime wage required under the FLSA.

116.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were unlawful.

117.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

**(By Plaintiff Individually and on Behalf of the Collective Against All Defendants)**

118.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1-102 as if fully set forth herein.

119.     Defendants required Plaintiff to pay monetary fees to Defendants and other Capital Cabaret employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

120.     Defendants' requirement that Plaintiff pay fees to Defendants and other Capital Cabaret employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

121.     Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

122.     Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff are classified as illegal kickbacks.

123.     Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Capital Cabaret, involving but not limited to house fees and tip sharing.

## FOURTH CAUSE OF ACTION

### UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203

**(By Plaintiff Individually and on Behalf of the Collective Against All Defendants)**

124.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1-102 as if fully set forth herein.

125.     Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

126.     At all relevant times, each Defendant was an "employer(s)" or "joint employer(s)"

of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

127.     Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

128.     Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

129.     Under TIPA:

[a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

130.     Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to disc jockeys, security personnel, and house moms in violation of TIPA.

131.     Defendants required Plaintiff to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customer leaving the tips (such as the Club DJ, security, house moms). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

132.     The contribution Defendants required Plaintiff to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiff and other dancers; but rather, was imposed upon Plaintiff and other dancers.

133.     By requiring Plaintiff to pool their tips with club employees who did not customarily receive tips, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

134.     Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

135.   At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which she was entitled.

136.   Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

137.   Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to disc jockeys, house moms, and security personnel in violation of TIPA.

138.   As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## FIFTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

**(By Plaintiff Individually and on Behalf of the Collective Against All Defendants)**

139.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1-102 as if fully set forth herein.

140.   Defendants required Plaintiff to pay monetary fees to other Capital Cabaret employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

141.   Defendants' requirement that Plaintiff pay fees to other Capital Cabaret employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

142.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

143.   Plaintiff is entitled to recover from Defendants all fees that Defendants required

Plaintiff to pay other employees in order to work at Capital Cabaret, involving but not limited to forced tip sharing.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

1.      For compensatory damages according to proof at trial of at least $100,000;

2.      For special damages according to proof at trial;

3.      For restitution of unpaid monies;

4.      For attorneys' fees;

5.      For costs of suit incurred herein;

6.      For statutory penalties;

7.      For civil penalties;

8.      For pre-judgment interest;

9.      For post-judgement interest;

10.     For general damages in an amount to be proven at trial;

11.     For declaratory relief;

12.     For injunctive relief; and

13.     For such other and further relief as the Court may deem just and proper.


Dated: March 31, 2021

*/s/ Randall J. Phillips*
Randall J. Phillips
North Carolina Bar No. 36125
**CHARLES G. MONNTETT III & ASSOCIATES**
6842 Morrison Boulevard, Suite 100
Charlotte, NC 28211
Telephone: (704) 376-1911
Fax: (704) 376-1921
*rphillips@carolinalaw.com*

John P. Kristensen
California Bar No. 224132
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906

*john@kristensenlaw.com*
(*Pro Hac Vice* forthcoming)

Jarrett L. Ellzey
Texas Bar No. 2404864
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas
Telephone:  (713) 554-2377
Fax:  (888) 995-3335
*jarrett@hughesellzey.com*
(*Pro Hac Vice* forthcoming)

***Attorneys for Plaintiff and all others
similarly situated***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.


Dated: March 31, 2021

*/s/ Randall J. Phillips*
Randall J. Phillips
North Carolina Bar No. 36125
**CHARLES G. MONNTETT III & ASSOCIATES**
6842 Morrison Boulevard, Suite 100
Charlotte, NC 28211
Telephone: (704) 376-1911
Fax: (704) 376-1921
*rphillips@carolinalaw.com*

John P. Kristensen
California Bar No. 224132
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
*john@kristensenlaw.com*
(*Pro Hac Vice* forthcoming)

Jarrett L. Ellzey
Texas Bar No. 2404864
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas
Telephone:  (713) 554-2377
Fax:  (888) 995-3335
*jarrett@hughesellzey.com*
(*Pro Hac Vice* forthcoming)

***Attorneys for Plaintiff and all others similarly situated***