IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-155-D

| | | |
|---|---|---|
| RONIQUE DE SA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RPS HOLDINGS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 1, 2021, Ronique De Sa ("plaintiff" or "De Sa"), also known as Ronique Debora Swinson, filed a putative collective action under the Fair Labor Standards Act ("FLSA") and accompanying regulations. See [D.E. 1]. On May 4, 2021, Michelle Bravo, Tamara Cozart, and Courtney Kempf filed consent to sue forms. See [D.E. 10]. On May 3, July 16, and September 22, 2021, defendants moved to compel arbitration and attached the relevant arbitration agreements for De Sa, Bravo, Cozart, and Kempf. See [D.E. 9, 21, 38]. De Sa, Bravo, and Cozart consent to arbitration. See [D.E. 16, 27]. Because defendants initially did not believe that Kempf had ever performed at defendants' club, defendants did not immediately seek to compel arbitration with Kempf. See [D.E. 37] 2. After receiving more information from plaintiffs' counsel about Kempf, defendants learned Kempf's true identity and appearance and located Kempf's arbitration agreement. See id. at 2–3; [D.E. 37-1]. Defendants then sought to amend their answer and to compel Kempf to arbitrate. See [D.E. 38].

In the interests of justice, the court grants defendants' motion to amend. See Fed. R. Civ. P

15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962); Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co., 304 F.3d 476, 485–88 (5th Cir. 2002); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509–11 (4th Cir. 1986); [D.E. 34] 2. Defendants did not act in bad faith or with undue delay, and Kempf will not be prejudiced by complying with her arbitration agreement.

The record demonstrates: (1) the existence of a dispute between the defendants and De Sa, Bravo, Cozart, and Kempf; (2) written arbitration agreements purporting to cover the dispute and that are enforceable under general contract law; (3) the relationship of the transaction, as evidenced by the arbitration agreements, to interstate commerce; and (4) Kempf's refusal to arbitrate the dispute. Thus, the court grants defendants' motions to compel arbitration. See, e.g., Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 527–31 (2019); Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1621–32 (2018); Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 232–39 (2013); Marmet Health Care Ctr., Inc. v. Brown, 565 U.S. 530, 531–33 (2012) (per curiam); CompuCredit Corp. v. Greenwood, 565 U.S. 95, 98 (2012); AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344–52 (2011); Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56–58 (2003) (per curiam); Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91–92 (2000); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24–26 (1991); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–28 (1983); Galloway v. Santander Consumer USA, Inc., 819 F.3d 79, 89–90 (4th Cir. 2016); Santoro v. Accenture Fed. Servs., LLC, 748 F.3d 217, 221–24 (4th Cir. 2014); Muriithi v. Shuttle Express, Inc., 712 F.3d 173, 177–85 (4th Cir. 2013); Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 697–98 (4th Cir. 2012); Adkins v. Labor Ready, Inc., 303 F.3d 496, 500–07 (4th Cir. 2002); Newman v. First Montauk Fin.

Corp., No. 7:08-CV-116-D, 2010 WL 2933281, at *7–8 (E.D.N.C. July 23, 2010) (unpublished).

In sum, the court GRANTS defendants' motion for leave to file an amended response [D.E. 37] and defendants' motion for leave to file an amended responsive pleading seeking enforcement of the arbitration agreement with Courtney Kempf [D.E. 38]. The court also GRANTS defendants' motions to compel arbitration [D.E. 9, 21, 38] with plaintiffs Ronique De Sa, Michelle Bravo, Tamara Cozart, and Courtney Kempf. The court STAYS the action pending arbitration of these four plaintiffs' claims. The parties shall notify this court upon the conclusion of the arbitration. Not later than January 28, 2022, defendants shall notify the court whether Ashley Fickenworth and Kimberlyn Richards have arbitration agreements. Given that Kempf shall arbitrate her claims, the court DENIES WITHOUT PREJUDICE Kempf's motion for conditional certification [D.E. 24].

SO ORDERED. This _3_ day of January, 2022.

JAMES C. DEVER III
United States District Judge